UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROGELIO DELGADO MORENO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-00245-SRB |
| | ) |
| ITZEL VIRIDIANA HERNANDEZ ESCAMILLA | ) |
| | ) |
| | ) |
| Respondent. | ) |

**SUGGESTIONS IN SUPPORT OF RESPONDENT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR TRANSFER TO THE NORTHERN DISTRICT OF
ILLINOIS**

Respondent Itzel Viridiana Hernandez Escamilla ("Respondent") submits these Suggestions in Support of her Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, for Transfer to the Northern District of Illinois.

Petitioner, Rogelio Delgado Moreno, ("Petitioner") filed this action on April 11, 2023 seeking relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act. (Doc. 1) Petitioner claims that jurisdiction and venue are proper in this Court pursuant to 22 U.S.C. § 9003(a) and (b), because, he alleges, the minor children were located in this district on the date the petition was filed. (Doc. 1, ¶¶ 23-25). Because the minor children identified in the Petition were not located in this district at the time the Petition was filed, or at any time thereafter, jurisdiction and venue are not proper in this Court, and this action should be dismissed or, in the alternative, transferred to the proper venue.

**I.      LEGAL STANDARD**

A party may move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *LaLiberte v. Nickrenz*, No. 15-00029-CV-W-SRB, 2016 WL 7535361, at *2 (W.D. Mo. Apr. 15, 2016). "When considering a motion to dismiss for lack of personal jurisdiction, '[t]he party seeking to invoke the jurisdiction of a federal court bears the burden of establishing that jurisdiction exists.' " *Id.* (quoting *Hicks v. Clay Cnty.*, 636 F. Supp. 2d 903, 907 (W.D. Mo. 2008) (citation omitted). "[F]or a motion to dismiss for lack of personal jurisdiction, a court may look to the pleadings, affidavits submitted by the parties, and other submitted documents." *FLS Transportation Servs. (USA) Inc. v. Nat'l Bankers Tr. Corp.*, No. 12-00936-CV-W-GAF, 2012 WL 12898833, at *1 fn1 (W.D. Mo. Nov. 26, 2012) (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991) (citation omitted)).

With respect to venue, a party may move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *Arkansas-Missouri Forest Prod., LLC v. Lerner*, No. 4:15-CV-00771-SRB, 2016 WL 756503, at *2 (W.D. Mo. Feb. 25, 2016). "The moving party has the burden of establishing that venue is improper." *Id.* (quoting *Bomkamp v. Hilton Worldwide, Inc.*, No. 4:13-CV-1569-CAS, 2014 WL 897368, at *5 (E.D. Mo. Mar. 6, 2014) (citation omitted)).

> United States Code section 22 U.S.C. § 9003(b), invoked by petitioner, provides:
>
> Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its <u>jurisdiction in the place where the child is located at the time the petition is filed</u>.

(emphasis added). Federal courts have split regarding whether Section 9003(b) is a jurisdiction or venue statute; however, in either instance, "the only place where a court 'is authorized to exercise its jurisdiction' is 'in the place where the child is located at the time the petition is filed.'"

*Oviedo v. Rivera*, No. 1:22-CV-214, 2023 WL 2431819, at *4 (S.D. Ohio Mar. 9, 2023).

II.     **The Court Does Not Have Personal Jurisdiction Over This Case**

Petitioner alleges that jurisdiction and venue are proper pursuant to Section 11603(b) and contends that the minor children identified in the Petition were located in Jackson County, Missouri at the time the Petition was filed. (Doc. 1, ¶¶ 24-26) In applying § 11603(b), federal courts have dismissed ICARA petitions on jurisdictional grounds where children were not located in the jurisdiction of the court at the time the petition was filed. *Skolnick v. Wainer*, No. CV 2013-4694 WFK MDG, 2013 WL 5329112, at *1 (E.D.N.Y. Sept. 20, 2013) (citing *Olangues v. Kousharian,* 177 Fed. App'x 537, 538 (9th Cir. 2006) (district properly dismissed ICARA claim for lack of jurisdiction because the children were not within that district at the time the petition was filed); *Diorinou v. Mezitis,* 132 F. Supp. 2d 139, 145–46 (S.D.N.Y. 2000) (confirming its prior conclusion that the district court had no jurisdiction over the ICARA petition because the child was not in the jurisdiction at the time the petition was filed); *Espinoza v. Mattoon,* 2009 WL 1919297 (W.D. Wash. June 30, 2009) (*sua sponte* dismissing, for lack of subject matter jurisdiction, an ICARA petition brought in a jurisdiction where the child was not located)).

Contrary to the Petitioners' allegations, the minor children referenced in the Petition were not located in this judicial district at the time the Petition was filed (the relevant date for purposes of the Section 11603(b) inquiry) or at any time thereafter. Instead, Respondent and the three minor children identified in the Petition were only present in Missouri from August 2022 until late September 2022 or early October 2022, and filed a claim for asylum at that time. *See* Doc. 1, ¶¶ 16-17. In late September or early October 2022, Respondent and the minor children left Missouri and have not returned since that time. *See* Exhibit A (Escamilla Decl.) ¶¶ 3-4. Since

early October, 2022, Respondent and the minor children have lived in Illinois, a fact of which Petitioner has been aware since the U.S. Marshal filed his Process Receipt and Return on July 6, 2023 noting that he had not served the Respondent because she had "moved in September 2022" to an address in Illinois. Respondent and the minor children identified in the Petition have lived in Illinois at all times since October 2022. Exh A (Escamilla Decl.), ¶¶ 4-5.

Accordingly, at the time the Petition was filed in this case, April 11, 2023, the children were not located in the state of Missouri. This fact is dispositive and supports dismissal of this action in this jurisdiction. While Petitioner has averred that the children resided in Jackson County, Missouri at the time the of the Petition's filing, this allegation is not entitled to a presumption of truth where it is not supported by the undisputed facts. The Petition appears to support its jurisdictional allegations with dated information from August 2022. Doc. 1, ¶ 2. However, allegations regarding the minor children's location in August 2022 are not dispositive of the children's location at the time the Petition was filed, eight months later. In that regard, it remains undisputed that the minor children identified in the Petition were located in Illinois on April 11, 2023 when the Petition was filed. Petitioner bears the burden of establishing the Court's jurisdiction to adjudicate this matter, and Petitioner cannot show jurisdiction is proper pursuant to Section 11603(b).[1] *See Lazaridis v. Lazaridis*, No. CIV.A. 02-1681-SLR, 2003 WL 21056744, at *3 (D. Del. May 7, 2003) (dismissing case for lack of jurisdiction where the petitioner did not

---

[1] Some courts have considered the determination of where a child is "located" for purposes of Section 11603(b) as one focused on "the place where the abducted children are discovered." *Sorenson v. Sorenson*, No. CIV.07-4720 MJD/AJB, 2008 WL 750531, at *1 (D. Minn. Mar. 19, 2008) (citing *Lops v. Lops*, 140 F.3d 927,937 (11th Cir. 1998)). Here, Petitioner attempted service on Respondent in Missouri, where neither she nor the minor children were located at the time the Petition was filed. *See* Doc. 6. When this was unsuccessful, Petitioner then attempted and completed service of Respondent in Illinois, where she and the minor children were located at all material times. *See* Docs. 9-10, 12. To the extent the place where the children were "discovered" is part of the Court's inquiry, this too requires this action be dismissed and brought in Illinois, not Missouri.

4

present any affirmative evidence that the minor child was in Delaware at the time he filed his petition). The Court should dismiss this matter for lack of personal jurisdiction.

**III.    Venue is Improper in this Court**

The same result occurs if Section 11603(b) is construed as a venue statute. Those courts which view Section 11603(b) as addressing venue nonetheless maintain that the statute provides for an exclusive forum for such cases. *See e.g. E. Sussex Child. Servs. v. Morris*, No. 3:12-CV-141, 2013 WL 704660, at *1 (N.D.W. Va. Feb. 27, 2013) (for ICARA claims brought by a Hague Convention petition, venue is appropriate "only in the place where the child is located"). As detailed above, the minor children identified in the Petition were not located in Missouri at the time the Petition was filed, or any time thereafter, and thus, this Court is not the proper venue for this action. Therefore, Respondent requests the Court dismiss this action, or in the alternative, transfer it to the Northern District of Illinois. *Skolnick v. Wainer*, No. CV 2013-4694 WFK MDG, 2013 WL 5329112, at *2 (E.D.N.Y. Sept. 20, 2013) (transferring case filed in New York to Connecticut, where the respondent presented an affidavit stating the children lived in Connecticut, and no evidence established that the children were located in New York at the time the petition was filed).

To the extent Section 11603(b) is construed as a venue statute, its establishment of the place of venue is exclusive. That is, the Northern District of Illinois is the lone venue which is appropriate for this action, as it is the venue where the minor children were located at the time the Petition was filed. However, even if the Court were to consider the convenience to the parties and witnesses and the interests of justice, these factors support transfer of this action to the Northern District of Illinois. *Gayle-Sawyers v. Wellington* was decided under materially different factual circumstances, but nonetheless provides guidance here. No. 1:22-CV-2309-SEG, 2022

WL 18674917, at *1-2 (N.D. Ga. Aug. 22, 2022). There, a petition was properly brought in the Northern District of Georgia, because there was evidence the minor child was located in Georgia at the time of petition's filing, but the child had moved to New York after the filing of the petition. *Id.* at *1. The Court nonetheless found transfer of venue to New York appropriate, as the primary evidence regarding the child's removal and retention in the United States existed in New York, and the Southern District of New York had the power to exercise process over the respondent, child, and other witnesses and the power to impose remedies under New York law. *Id.* at *2.

Respondent has demonstrated that the minor children identified in this case were located in Illinois at the time the Petition was filed, and this alone is sufficient to warrant dismissal of this case, or in the alternative, transfer to the Northern District of Illinois. However, even if the convenience to the parties and witnesses is considered, transfer to the Northern District of Illinois is nonetheless appropriate. The Respondent, the minor children, and all witnesses with knowledge of the children's presence and condition since October 2022 are located in the Northern District of Illinois. No one involved – not the Petitioner who resides in Mexico, nor the Respondent, nor the children – are located in Missouri. The Northern District of Illinois is best served to secure the presence of the parties and witnesses in this matter.

Furthermore, the Hague Convention provides for various affirmative defenses in this action and does not require a child's return to his or her habitual residence when it is established that there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation. Hague Convention, art. 13(b). Even Petitioner's Petition recognizes that Respondent has sought asylum, which requires a showing of a "well-founded fear of persecution on account of race, religion, nationality, membership in a

6

particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A), *incorporated by* 8 U.S.C. § 1158(b)(1)(B)(i). Respondent has marshalled evidence for her and the minor children's asylum claims in Illinois, and this, too, warrants transfer of this case to the Northern District of Illinois. This matter was filed in the improper venue, and the Petition should be dismissed or transferred to the Court which may properly exercise jurisdiction and venue over this matter.

**IV. Conclusion**

Petitioner respectfully requests the Court enter an Order dismissing this case, or in the alternative, transferring it to the Northern District of Illinois.

Respectfully submitted,

STINSON LLP

*/s/ John Aisenbrey*
John Aisenbrey Mo. Bar # 31907
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Telephone: 816-691-3111
Facsimile: 816-412-0997
John.aisenbrey@stinson.com


*/s/ Luke VanFleteren*
Luke VanFleteren KS-001239
1625 N. Waterfront Parkway, Suite 300
Wichita, KS 67206-6620
316.265.8800 Main
316.265.1349 Fax
Luke.vanfleteren@stinson.com

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

/s/     *John C Aisenbrey*
Counsel for Respondent